UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHILIP L. DICK,

    Petitioner,

v.

AIRWAY HEIGHTS CORRECTION CENTER,

    Respondent.

Case No. C07-5594BHS-KLS

ORDER TO SHOW CAUSE

This matter is before the Court on petitioner's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The Court, having reviewed petitioner's petition and the balance of the record, hereby finds and ORDERS:

Exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of *habeas corpus*. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus may not be implied or inferred. A petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to

the state court requires "full factual development" of the claims in that forum. Kenney v. Tamayo-Reyes, 504 U.S. 1, 8 (1992).

It is not enough that all of the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made. Duncan v. Henry, 513 U.S. 364, 366 (1995) (citing Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982)). A federal claim is "fairly and fully" presented to the state courts if the claim is presented "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted). The petitioner "must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully present the legal basis of the claim." Id.

The claim must be fairly presented in "each appropriate state court," that is, at each level of state review, so as to alert the state "to the federal nature of the claim," and to give it the "opportunity to pass upon and correct" alleged violations of the petitioner's federal rights. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations and internal quotation marks omitted); see also Ortberg v. Moody, 961 F.2d 135, 138 (9th Cir. 1992). The federal basis of the claim, furthermore, must be made "explicit" in the state appeal or petition, "either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law." Insyxiengmay, 403 F.3d at 668; Baldwin, 541 U.S. at 33.

A federal *habeas courpus* petition filed by a state prisoner "should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." Coleman v. Thompson, 501 U.S. 731 (1991). This requirement that all state remedies be exhausted prior to judicial review by the federal courts "is grounded in principles of comity." Id. That is, "the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Id. (exhaustion requirement is principally designed to protect state courts' role in enforcement of federal law and prevent disruption of state judicial proceedings).

It appears that petitioner has not exhausted state court remedies as to any of the grounds for federal *habeas corpus* relief he raises in his petition. For example, in response to the question asking whether he appealed his conviction contained in the form petitioner used for filing his petition, he responds with the following statement: "I ask my lawyer to appeal?" (Dkt. #1, p. 2). Petitioner also

checks "no" in response both to the question as to whether he had sought further review by a higher state court, and to the question as to whether he filed any other petition, application or motion regarding his conviction in any state court. (Id. at pp. 2-3, 5). Petitioner states further on that he asked his attorney to file an appeal in his case and that he hoped and believed this had been done, but also admits that he never received any answer from his attorney (Id. at pp. 5-11), and nowhere in the petition is there any indication that this occurred. Lastly, petitioner checks "no" in answer to the question as to whether all of the grounds he raises for requesting federal *habeas corpus* relief had been presented to the state's highest court. (Id. at p. 12).

Accordingly, on its face, the petition fails to indicate that petitioner's grounds for federal *habeas corpus* relief have been properly exhausted in state court, and indeed, as discussed above, appears to show that the opposite is true. Specifically, the petition does not show that his claims for federal *habeas corpus* relief have been presented to the Washington State Supreme Court. Given that petitioner states he was sentenced on May 2, 2007 (Id. at p. 1), there also does not appear to be any issue of procedural bar at this point in this matter. See Coleman, 501 U.S. 735 n.1 (*Habeas corpus* claim barred from federal review if petitioner has failed to exhaust state remedies, and state's highest court would now find that claim to be procedurally barred); RCW 10.73.090(1) (providing one-year period of limitation in which to collaterally attack state court conviction or sentence in Washington).

In addition, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts reads in relevant part:

> If the applicant is presently in custody pursuant to the state judgment in question, the application shall be in the form of a petition for a writ of habeas corpus in which the state officer having custody of the applicant shall be named as respondent.

A petitioner for *habeas corpus* relief, therefore, must name the state officer having custody of him or her as the respondent to the petition. This person typically is warden of the institution where the petitioner is incarcerated. Failure to name the petitioner's custodian deprives federal courts of personal jurisdiction. Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994 (citations omitted). Here, petitioner has named the Airway Heights Correction Center as the respondent. However, as just noted, the proper respondent in this case is the superintendent of that institution.

Accordingly, the Court shall not serve the petition on respondent. Rather, petitioner shall file by

**no later than December 29, 2007**, an amended petition under 28 U.S.C. § 2254 showing, if possible, that his grounds for federal relief have been properly exhausted in state court, and naming the superintendent of his current place of incarceration as the proper respondent.

The Clerk shall send a copy of this Order to petitioner.

DATED this 29th day of November, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 4