UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHILIP L. DICK,<br><br>              Petitioner,<br><br>    v.<br><br>MAGGIE MILLER-STOUT,<br><br>              Respondent. | Case No. C07-5594BHS-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for February 1, 2008 |

Petitioner is a state prisoner currently incarcerated at the Airway Heights Corrections Center, located in Airway Heights, Washington. This matter is before the Court on petitioner's petition for writ of *habeas corpus* filed with this Court pursuant to 28 U.S.C. § 2254. After a careful review of the record, the undersigned submits the following report and recommendation, recommending the Court deny the petition as untimely.

## DISCUSSION

Exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of *habeas corpus*. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus may not be implied or inferred. A petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. Kenney v. Tamayo-Reyes,

504 U.S. 1, 8 (1992).

It is not enough that all of the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made. Duncan v. Henry, 513 U.S. 364, 366 (1995) (citing Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982)). A federal claim is "fairly and fully" presented to the state courts if the claim is presented "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted). The petitioner "must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully present the legal basis of the claim." Id.

The claim must be fairly presented in "each appropriate state court," that is, at each level of state review, so as to alert the state "to the federal nature of the claim," and to give it the "opportunity to pass upon and correct" alleged violations of the petitioner's federal rights. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations and internal quotation marks omitted); see also Ortberg v. Moody, 961 F.2d 135, 138 (9th Cir. 1992). The federal basis of the claim, furthermore, must be made "explicit" in the state appeal or petition, "either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law." Insyxiengmay, 403 F.3d at 668; Baldwin, 541 U.S. at 33.

A federal *habeas courpus* petition filed by a state prisoner "should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." Coleman v. Thompson, 501 U.S. 731 (1991). This requirement that all state remedies be exhausted prior to judicial review by the federal courts "is grounded in principles of comity." Id. That is, "the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Id. (exhaustion requirement is principally designed to protect state courts' role in enforcement of federal law and prevent disruption of state judicial proceedings).

Petitioner filed his petition with the Court on October 25, 2007. In an order to show cause issued on November 29, 2007, the undersigned found petitioner had not exhausted state court remedies as to any of the grounds for federal *habeas corpus* relief he raised in his petition. For example, the undersigned noted that in response to the question asking whether petitioner had appealed his conviction contained in the form he used for filing his petition, he responded with the following statement: "I ask my lawyer to

1 appeal?" (Dkt. #1, p. 2). Petitioner also checked "no" in response both to the question as to whether he
2 had sought further review by a higher state court, and to the question as to whether he had filed any other
3 petition, application or motion regarding his conviction in any state court. (Id. at pp. 2-3, 5).

4 Petitioner stated further in his petition that he asked his attorney to file an appeal in his case and
5 that he hoped and believed this had been done, but also admitted that he never received any answer from
6 his attorney (Id. at pp. 5-11). Indeed, nowhere in the petition is there any indication that this in fact had
7 occurred. Lastly, petitioner checked "no" in answer to the question as to whether all of the grounds he
8 raised for requesting relief in his federal *habeas corpus* petition had been presented to the state's highest
9 court. (Id. at p. 12).

10 Accordingly, on its face, the undersigned found the petition failed to indicate petitioner's grounds
11 for federal *habeas corpus* relief had been properly exhausted in state court, and, as discussed above,
12 appeared to show the opposite was true. Specifically, the petition did not show that his claims for federal
13 *habeas corpus* relief have been presented to the Washington State Supreme Court. Given that petitioner
14 had stated he was sentenced on May 2, 2007 (Id. at p. 1), there also did not appear to be any issue of
15 procedural bar in this matter. See Coleman, 501 U.S. 735 n.1 (*Habeas corpus* claim barred from federal
16 review if petitioner has failed to exhaust state remedies, and state's highest court would now find that
17 claim to be procedurally barred); RCW 10.73.090(1) (providing one-year period of limitation in which to
18 collaterally attack state court conviction or sentence in Washington).

19 The undersigned, therefore, ordered petitioner to file an amended petition with the Court by no
20 later than December 29, 2007, showing, if possible, that his grounds for federal relief had been properly
21 exhausted in state court. On December 21, 2007, petitioner did file an amended petition. (Dkt. #8). The
22 amended petition, however, still fails to establish he has exhausted all of his state court remedies. For
23 example, petitioner states that he did not appeal his state court conviction either to the Washington State
24 Court of Appeals or the Washington State Supreme Court. In addition, petitioner states he has not filed
25 any other petition, application or motion concerning his conviction, let alone appeal to the highest state
26 court having jurisdiction of such petition, application or motion.

27 Petitioner again also states he asked his court-appointed attorney to appeal his conviction on his
28 behalf, believing that this would occur, but noting that subsequently nothing actually happened.

| | |
|---|---|
| 1 | Petitioner also specifically answers "no" to the questions as to whether he had raised any of the grounds |
| 2 | he now raises in his amended federal *habeas corpus* petition either in an appeal of his conviction or in any |
| 3 | other state court post-conviction motion or petition. As such, it appears petitioner has not exhausted all of |
| 4 | his state court remedies in this matter. That is, he has not shown that he has presented his claims for |
| 5 | federal *habeas corpus* relief to the state's highest court. |

## CONCLUSION

Because it appears petitioner has failed to exhaust all of his state court remedies, the Court should deny the petition on that basis.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **February 1, 2008**, as noted in the caption.

DATED this 10th day of January, 2008.

Karen L. Strombom
United States Magistrate Judge